**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PATRICK STEPHENS WALSH, | Civil Action No.: 12-3961 (RMB) |
| Petitioner, | |
| v. | OPINION |
| WARDEN DONNA ZICKEFOOSE, | |
| Respondent. | |

**APPEARANCES:**

> **PATRICK STEPHENS WALSH**, Petitioner pro se
> #38607-036
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640

**BUMB, District Judge**

Petitioner, Patrick Stephens Walsh, a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), at the time he filed this action, brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal conviction.  Petitioner names as party respondent, the Warden at FCI Fort Dix at that time, Donna Zickefoose.

This Court has reviewed the petition, and has determined that the petition should be dismissed at this time for the reasons set forth below.

## I.  BACKGROUND

The following facts are taken from the petition, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Petitioner's allegations.

Petitioner states that he was convicted in the United States District Court for the District of Maryland – Greenbelt Division, on December 5, 2005, for conspiracy to commit arson (in violation of 18 U.S.C. § 844(n)); numerous counts of aiding and abetting arson (in violation of 18 U.S.C. §§ 2, 844(i)); possession of a firearm by an unlawful user of a controlled substance (in violation of 18 U.S.C. § 922(g); and conspiracy to distribute "MDMA" (in violation of 21 U.S.C. § 846).  (Petition at ¶¶ 1, 2, and 4.)  Petitioner was sentenced to serve 235 months in prison.  (*Id.*, ¶ 3.)  The Federal Bureau of Prisons Inmate Locator internet site shows that Petitioner has a projected release date of January 7, 2022.  The petition does not indicate that Petitioner filed a direct appeal from his sentence or conviction, or that he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

This Court conducted a PACER search and takes judicial notice of the following information regarding Petitioner's conviction and sentence under challenge in this action.  On December 22, 2005, Petitioner filed a direct appeal from his conviction and sentence to the United States Court of Appeals for the Fourth Circuit.  (Docket entry no. 200, *U.S.A. v. Walsh*, 8:05-cr-00001-RWT.)  On or about June 25, 2007, the Fourth Circuit affirmed the conviction in an unpublished Opinion. (*Id.*, Doc. # 335.)  Thereafter, on October 6, 2008, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255.  (*Id.*, Doc. # 349.)[1]  The sentencing court denied Petitioner's § 2255 motion in an unpublished Opinion and Order filed on November 3, 2009.  (*Id.*, Doc. ## 363, 364.)[2]  Petitioner appealed from denial of § 2255 relief and the Fourth Circuit denied a certificate of appealability and dismissed the appeal in an unpublished Opinion entered on May 11, 2010.  (*Id.*, Doc. ## 366, 373.)

On or about October 28, 2010, Petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).  (*Id.*, Doc. # 376.)  It appears that Petitioner's Rule

---

[1]  Petitioner's § 2255 motion was docketed in the United States District Court for the District of Maryland (Greenbelt) under #8:08-cv-02637-RWT.  However, all docket entries related to the § 2255 motion were entered on the docket in Petitioner's criminal matter, #8:05-cr-00001-RWT.

[2]  The November 3, 2009 Memorandum Opinion and Order also were docketed in Petitioner's § 2255 civil matter, #8:08-cv-02637-RWT, at Docket entry nos. 1 and 2.

60(b)(6) motion may be pending resolution at this time.
Petitioner wrote to the sentencing court on September 7, 2012,
inquiring as to the status of his motion.  (*Id.*, Doc. # 414.)
There are no further entries on the docket in Petitioner's
criminal matter related to disposition of his Rule 60(b)(6)
motion.

Petitioner's § 2255 motion raised various claims of
ineffective assistance of counsel in violation of the Sixth
Amendment.  Namely, Petitioner asserted that trial counsel (1)
failed to request a suppression hearing challenging the
voluntariness of inculpatory statements made by Petitioner
during post-arrest interrogation; (2) failed to investigate
impeaching evidence as to Government witnesses and failed to
investigate and/or interview witness material to Petitioner's
defense; (3) failed to challenge the reliability of arson-
related loss estimates provided by the Government.  Petitioner
also asserted a claim that the sentence imposed violated the
Sixth Amendment right to a jury trial because the sentencing
court increased Petitioner's base offense level based on facts
not submitted to the jury or reflected in the jury's guilty
verdict.  Finally, Petitioner asserted that his appellate
counsel provided ineffective assistance of counsel in violation
of his Sixth Amendment rights based on counsel's failure to

4

challenge an allegedly improper jury instruction as to the *Pinkerton*[3] theory of co-conspirator liability.  (*See* Doc. # 349 at ¶¶ 12A-E in #8:05-cr-00001-RWT.)

In his Rule 60(b)96) motion, Petitioner alleged that the district court lacked jurisdiction to prosecute him under 18 U.S.C. § 844(i), as the property at issue was not used for any commercial purposes so as to constitute property "used in" commerce or affecting commercial activity under the statute. Petitioner also asserted that restitution order was seriously flawed with regard to the loss calculation.  (*See* Doc. # 376 at pp. 8-16 in #8:05-cr-00001-RWT.)  It is not apparent from the available docket in #8:05-cr-00001-RWT whether these claims were raised by Petitioner on direct appeal.  As stated above, it appears that the Rule 60(b)(6) motion still is pending at this time.

On or about June 28, 2012, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241, in which he challenges the constitutionality of his custody and the execution of his sentence.  Namely, Petitioner asserts the following claims:  (1) ineffective assistance of trial counsel during pretrial plea negotiations in violation of *Lafler v. Cooper*, 132 S.Ct. 1376, 182 L.Ed.2d 398 (March 12, 2012); (2)

---

[3]   *Pinkerton v. United States*, 328 U.S. 640 (1946).

invalid indictment and conviction based on charges of arson
regarding property that does not meet the statutory definition
of use for commercial purposes (similar claim as raised in
Petitioner's Rule 60(b)(6) motion pending before the sentencing
court in the District of Maryland); (3) unconstitutional
enhancement of sentence in violation *United States v. Booker,*
543 U.S. 220 (2005)(similar claim as raised in Petitioner's
§ 2255 motion); (4) miscalculation of restitution (similar claim
raised in Petitioner's Rule 60(b)(6) motion); (5) inaccurate
sentence calculation by the Federal Bureau of Prisons ("BOP")
that improperly adds 100 days to Petitioner's prison sentence of
235 months; and (6) sentencing disparities between similarly
situated co-defendants.  (Petition at ¶¶ 7(a) and (b);
Petitioner's Memorandum at pp. 1-8.)

II.  <u>DISCUSSION</u>

A.  <u>Standards for a *Sua Sponte* Dismissal</u>

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a
> writ of habeas corpus shall forthwith award the writ or
> issue an order directing the respondent to show cause why
> the writ should not be granted, unless it appears from the
> application that the applicant or person detained is not
> entitled thereto.

Petitioner brings his habeas petition as a pro se litigant.
A pro se pleading is held to less stringent standards than more
formal pleadings drafted by lawyers.  *Estelle v. Gamble*, 429

6

U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance.  *See Royce*

*v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney*

*General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v.*

*Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399

U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides

in relevant part:

> (c)The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B.  Jurisdiction

1.  *Challenges as to Validity of Conviction and Sentence*

Here, Petitioner is arguing that he is entitled to habeas

relief under § 2241, despite the fact that he had filed an

earlier § 2255 motion before his sentencing court, which had

been denied, and a Rule 60(b)(6) motion still pending before his

sentencing court.  The current petition raises several claims

previously raised by Petitioner before the sentencing court

(*e.g.*, Grounds 2, 3 and 4) and three new claims which do not

appear to have been asserted by Petitioner on direct appeal or

in his first § 2255 motion.  Ground One of his petition asserts

7

an ineffective assistance of counsel claim regarding faulty plea negotiation advice in light of *Lafler v. Cooper, supra*, decided after Petitioner's § 2255 motion.  Ground Five involves an alleged miscalculation of Petitioner's sentence by the BOP.  And Ground Six asserts sentence disparities between similarly situated co-defendants, which was not raised by Petitioner on direct appeal or in his § 2255 motion or Rule 60(b)(6) motion.

All claims, except Ground Five which will be discussed separately, challenge the validity of Petitioner's conviction and/or sentence.  As noted by the Court of Appeals for the Third Circuit in *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement or validity of their conviction.  *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *United States v. McKeithan*, 437 Fed. Appx. 148, 150 (3d Cir. 2011); *United States v. Walker*, 980 F. Supp. 144, 145–46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the court which imposed the sentence.  *See* 28 U.S.C. § 2255.  A one-year limitations period applies to § 2255 motions. *See* 28 U .S.C. § 2255(f).

In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255(h).

Section 2255 does, however, contain a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that a § 2255 remedy would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  *Id*.  Rather, the

court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in *Dorsainvil* because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  *Id*. at 251–52.

In *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exemption.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle*, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id*.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek

collateral relief, not to enable them to evade procedural requirements." *Id*. at 539.

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. *See Dorsainvil*, 119 F.3d at 251-52; *Cradle*, 290 F.3d at 539, *Okereke*, 307 F.3d at 120.

Here, Petitioner does not allege facts bringing his conviction within the *Dorsainvil* exception.  First, in Ground One of the petition regarding ineffective assistance of counsel during plea negotiations, Petitioner invokes the *Dorsainvil* exception based on the fact that the Supreme Court did not issue its relevant decision in *Lafler v. Cooper* until after Petitioner had filed his first § 2255 motion.  However, this claim does not satisfy the other two prerequisites under *Dorsainvil*.  The *Lafler* decision involved a claim of ineffective assistance of counsel for advising petitioner to reject a plea offer.  Thus, the recent Supreme Court decision is not relevant to a claim of "actual innocence" and it does not constitute an intervening change in the law that renders non-criminal the counts for which Petitioner was convicted.

Grounds Two, Three and Four of the petition fail to meet the stringent *Dorsainvil* exception because Petitioner had the opportunity to seek judicial review of these claims, and Petitioner did in fact raise similar claims on direct appeal or in his § 2255 motion and his pending Rule 60(b)(6) motion. Finally, Ground Six could have been raised by Petitioner in his § 2255 motion, but was not, and because it involves sentencing disparities, such claim does not satisfy the other two requisite factors in *Dorsainvil*.

Thus, Petitioner cannot demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain these challenges to Petitioner's conviction, which is essentially a second or successive motion under § 2255. Petitioner has previously pursued his remedies and his first § 2255 motion has already been denied. Moreover, Petitioner has a pending motion before the sentencing court that raises similar claims asserted here.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.  Because Petitioner unsuccessfully raised some of these grounds for relief in a previous 2255 petition, and because Petitioner has a pending Rule 60(b) motion before the sentencing court involving similar claims made here, the Court finds that it is not in the interests of justice to transfer this action.  To the extent that Petitioner wishes to pursue his first claim regarding ineffective assistance of counsel during plea negotiations, he may seek permission to do so from the United States Court of Appeals for the Fourth Circuit.  Therefore, Grounds One, Two, Three, Four and Six of this Petition will be dismissed for lack of jurisdiction.

   2.  *Challenge as to Execution of Sentence*

   "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001)(citations omitted).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir.), *cert. denied*, 429 U.S. 851 (1976) (finding jurisdiction where prisoner challenged erroneous

computation of release date).  *See also Burke v. Marberry*, 556
F.3d 142, 145 (3d Cir. 2009); *Vega v. United States*, 493 F.3d
310 (3d Cir. 2007)(finding jurisdiction where prisoner
challenged BOP's failure to give credit for time served prior to
federal sentence); *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d
Cir. 1991)(finding jurisdiction where prisoner challenged BOP
refusal to decide whether to designate state prison as a place
of serving federal sentence).

In Ground Five of his petition, Petitioner is challenging
the execution of his sentence.  Consequently, where Petitioner
is confined in the District of New Jersey and is challenging the
calculation of his sentence by the BOP, this Court has
jurisdiction to review this claim.  *See Burke*, 556 F.3d at 145.
Turning to the particulars of Petitioner's claim, Petitioner
disputes the BOP's computation of his maximum release date
because the BOP did not use a standard unit of 30 days to
calculate the release date for Petitioner's 235 month prison
sentence.  Petitioner argues that his maximum expiration date of
July 16, 2024, as determined by the BOP, "encompasses 7150 days
with a start date of December 17, 2004." (Petition at Ground
Five).  However, using a 30-day measurement to determine his
maximum expiration date, Petitioner calculates a term of 7050
days, 100 days less than the BOP's calculation.  (*Id.*)  This

Court takes judicial notice that Petitioner's projected release date is January 7, 2022, as shown on the BOP Inmate Locator internet site, and not July 16, 2024 as alleged by Petitioner. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.  This Court further notes that Petitioner has failed to exhaust his administrative remedies with regard to this claim for relief.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  *See, e.g., Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981); *Soyka v. Alldredge*, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

*Goldberg v. Beeler*, 82 F.Supp.2d 302, 309 (D.N.J. 1999), *aff'd*, 248 F.3d 1130 (3d Cir. 2000).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)(exhaustion not required where petitioner

demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)(exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, 2000 WL 1022959, *2 (E.D.Pa. 2000)(exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate

may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.[4] *Id.* Appeal to the General Counsel is the final administrative appeal. *Id.* If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Here, it appears that Petitioner did not pursue his administrative remedies before bringing this habeas petition in federal court. Petitioner alleges no facts to show that he has raised this claim on administrative review. He also does not allege any facts that otherwise would permit this Court to find that the exhaustion of administrative remedies would be futile. Petitioner has ample time and opportunity to utilize the administrative remedy process given his projected release date of January 7, 2022. Moreover, this Court notes that there is a discrepancy in the maximum release date Petitioner contends is in error, and it appears that the BOP already may have corrected Petitioner's maximum release date in Petitioner's favor.[5] Accordingly, this Court finds no reason to excuse Petitioner's

---

[4] Response times for each level of review are set forth in 28 C.F.R. § 542.18.
[5] The Court notes that the discrepancy in Petitioner's alleged maximum release date and the projected maximum release date recorded by the BOP may take into account good conduct time, which is not the claim being raised by Petitioner here.

failure to exhaust his administrative remedies, *see Velez v. Zickefoose,* 2010 WL 5186158, *3 (D.N.J.  Dec. 15, 2010)("the exhaustion requirement is not excused lightly"), and Ground Five of this petition will be dismissed without prejudice to the filing of a new § 2241 petition asserting this claim after Petitioner has fully exhausted his administrative remedies.  In the event Petitioner already may have exhausted his administrative remedies, Petitioner should so inform this Court by motion to re-open this case.  Petitioner's motion to re-open shall allege facts to show that administrative remedies have been exhausted pursuant to the BOP Administrative Remedy Program as referenced above.

### III.  CONCLUSION

For the reasons set forth above, Grounds One, Two, Three, Four and Six of this habeas petition will be dismissed with prejudice for lack of subject matter jurisdiction, because these claims constitute a second or successive § 2255 motion challenging petitioner's federal sentence.  However, Ground Five of this petition, which challenges the execution of Petitioner's federal sentence, will be dismissed without prejudice for

failure to exhaust administrative remedies.   An appropriate

order follows.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: February 8, 2013